Atiya K. SAMPLE, Plaintiff–Appellant,

v.

WAL–MART STORES, INC., Susan Servatius, Monte Collum, Marie Hogue, Defendants–Appellees.

No. 03–7200.

United States Court of Appeals, Second Circuit.

Aug. 18, 2004.

Atiya K. Sample, Bridgeport, CT, for Appellant, pro se.

Joel L. Finger, Brown, Raysman, Millstein, Felder & Steiner, LLP, New York, N.Y. (I. Michael Kessel and Gregory B. Reilly, on the brief), for Appellee Wal–Mart Stores, Inc.

Present: JACOBS, B.D. PARKER, and HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court is **AFFIRMED.**

Atiya Sample appeals from two judgments entered by the United States District Court for District of Connecticut (Eginton, *J.*), granting summary judgment in favor of defendant Wal–Mart Stores, Inc. and dismissing her claims against the individual defendants. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

This Court reviews the district court's grant of summary judgment *de novo*. *See Young v. County of Fulton*, 160 F.3d 899, 902 (2d Cir.1998). In doing so, we view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir.1998). Summary judgment is appropriate only where "there is no genuine issue as to any

material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We affirm the grant of summary judgment in favor of Wal–Mart Stores, Inc. for substantially the reasons stated by the district court.

This Court reviews the district court's Rule 12(b) dismissal *de novo. See Close v. New York,* 125 F.3d 31, 35 (2d Cir.1997) (Rule 12(b)(1)); *PaineWebber Inc. v. Bybyk,* 81 F.3d 1193, 1197 (2d Cir.1996) (Rule 12(b)(6)); *Christ Gatzonis Elec. Contractor, Inc. v. New York City Sch. Constr. Auth.,* 23 F.3d 636, 639 (2d Cir.1994) (Rule 12(b)(6)). Sample fails to demonstrate that her workplace was "permeated with discriminatory intimidation, ridicule, and insult" or that any alleged discrimination was so severe as to "alter the conditions of [her] employment." *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal quotation marks and citation omitted). Moreover, she presents no evidence to show that her dismissal was attributable to racial discrimination rather than to the employer's stated justification. The district court's dismissal of the claims against the individual defendants is therefore affirmed.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**